UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LYNN BUTLER,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL

Plaintiff, LYNN BUTLER, sues Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, hereafter referred to as "CARNIVAL CRUISE LINES" and states:

### Parties, Jurisdiction, and Venue

1. Plaintiff is a citizen of Virginia.

2. Defendant, CARNIVAL CRUISE LINES, owns and operates various cruise lines and has its principal place of business, main offices and base of operations in Miami-Dade County, Florida, and is authorized to conduct and is conducting business in the State of Florida.

3. The parties are completely diverse. More than $75,000, exclusive of costs, fees, and interest, is in controversy. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. At all material times hereto, Defendant, CARNIVAL CRUISE LINES, owned, operated, managed and maintained and or controlled the vessel, CARNIVAL SUNRISE.

5. All conditions precedent to bringing this action have been performed, waived, or have otherwise been satisfied, including compliance with the conditions precedent set forth in his contract of passage for the subject cruise.

**General Allegations**

6. On or about October 14, 2019, Plaintiff and his wife set out on a cruise aboard the CARNIVAL SUNRISE (the "Vessel"). The ship departed from the port in Norfolk, Virginia.

7. On or about October 15, 2019, Plaintiff and his wife were waiting for an elevator on what was believed to be either deck 9 or 10 of the Vessel. As the elevator arrived and opened, an employee for the Defendant, who had previously interacted with Plaintiff and his wife on the Vessel, greeted them and encouraged them to board said elevator. Plaintiff was in front of his wife, and as he entered the elevator, without warning or notice, the elevator slammed shut and impacted the right side of his upper body.

8. As a result of said impact, Plaintiff sustained permanent and significant injuries and has since been forced to undergo surgical intervention to repair his right shoulder.

**COUNT I – GENERAL NEGLIGENCE**

9. Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1-8 as though fully set forth herein.

10. At all times material hereto, CARNIVAL CRUISE LINES had the duty to use reasonable care under the circumstances for the safety of its passengers, including the Plaintiff.

11. CARNIVAL CRUISE LINES and/or its agents, servants, and/or employees, breached its duty to use reasonable care under the circumstances for the safety of Plaintiff, through one or more of the following acts and/or omissions:

   a. Failing to provide reasonably safe elevators for use by its passengers;
   b. Failing to adequately test the proper use and function of its elevators;
   c. Failing to prevent its elevators from malfunctioning;
   d. Failing to have the proper safety mechanisms in place for malfunctioning elevators;
   e. Failing to instruct and train its employees on the proper use of its elevators;

    f.   Failing to prevent its passengers from being impacted by its elevators; and

    g.   Failing to take the necessary steps to ensure that said elevator would not slam shut into a passenger attempting to enter onto the elevator.

12.    The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured but for the above acts and/or omissions.

13.    At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

14.    As a direct and proximate result of the foregoing negligence, Plaintiff, Lynn Butler, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and the Plaintiff, Lynn Butler, will suffer losses in the future.

WHEREFORE, Plaintiff, Lynn Butler, requests that this Honorable Court award to him money damages, including interest; reasonable costs as allowed by law; and any other and further relief that this Court may deem just and proper.

## COUNT II – NEGLIGENT FAILURE TO WARN

15.    Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1-8 as though fully set forth herein.

16.    At all times material hereto, CARNIVAL CRUISE LINES had the duty to use reasonable care under the circumstances for the safety of its passengers, including the Plaintiff.

17. At all times material hereto, CARNIVAL CRUISE LINES had the duty to warn its passengers, including Plaintiff, of dangers that were known, or reasonably should have been known, to CARNIVAL CRUISE LINES, in places where passengers, like the Plaintiff, are invited to or may reasonably be expected to be.

18. On or about October 15, 2019, CARNIVAL CRUISE LINES and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through one or more of the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangers posed by the elevators;

   b. Failure to adequately warn the Plaintiff of the existence of an elevator not functioning in its proper form;

   c. Failure to adequately warn the Plaintiff of other elevator incidents previously occurring on the CARNIVAL SUNRISE; and

   d. Failure to warn Plaintiff of the dangerous nature of the elevator(s).

19. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had CARNIVAL CRUISE LINES and/or its agents, servants, and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

20. At all times material hereto, CARNIVAL CRUISE LINES knew of the foregoing conditions causing Plaintiff's incident and did not warn about them. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.

21. As a direct and proximate result of the foregoing negligence, Plaintiff, Lynn Butler, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care

and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing in nature and the Plaintiff, Lynn Butler, will suffer losses in the future.

WHEREFORE, Plaintiff, Lynn Butler, requests that this Honorable Court award to him money damages, including interest; reasonable costs as allowed by law; and any other and further relief that this Court may deem just and proper.

## **Demand for Jury Trial**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 1st day of October, 2020.

        Respectfully submitted,

        GELLER TAMAYO, LLC
        *Counsel for Plaintiff*
        1000 Brickell Avenue, Suite 600
        Miami, Florida 33131
        Phone: 305-777-2527

By:   /s/    *Pablo Tamayo*
      PABLO TAMAYO
      Florida Bar No. 46265
      ptamayo@gellertamayolaw.com