United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Lynn Butler, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-24025-Civ-Scola |
| Carnival Corporation, dba Carnival | ) |
| Cruise Lines, Defendant. | ) |

### Order Granting in Part and Denying in Part the Defendant's Motion for Partial Summary Judgment

Plaintiff Lynn Butler seeks to recover damages for physical injuries he sustained while a passenger aboard one of Defendant Carnival Corporation's ships. (Compl., ECF No. 1.) Butler complains that an elevator door closed on him, injuring his right arm, requiring surgery on his shoulder. (*Id.* ¶¶ 7–8.) His complaint is divided into two counts: a general negligence claim (count one) and a failure-to-warn claim (count two). Carnival has filed a motion for partial summary judgment, arguing there is no record evidence supporting Butler's theories of liability premised on (1) the elevator doors' being mechanically deficient or (2) a failure to warn. (Def.'s Mot. for Summ. J., ECF No. 43.) In opposition, Butler maintains those theories should proceed to trial for two reasons: one, Carnival's employee may have pressed the "door hold" button which should have prevented the doors from closing if they were functioning properly; and two, as to Carnival's alleged failure to warn, record evidence shows Carnival knew of the dangers posed by the malfunctioning elevator doors based on a passenger safety video as well as various complaints of injuries inflicted by similar elevator doors on one of Carnival's sister ships. (Pl.'s Resp., ECF No. 48.) Carnival has timely replied (Def.'s Reply, ECF No. 52) and the motion is ripe for review. For the reasons set forth below, the Court **grants in part and denies in part** Carnival's motion for partial summary judgment (**ECF No. 43**).

1. **Background**[1]

Butler and his wife were passengers on Carnival's *Carnival Sunrise*, which departed from Norfolk, Virginia, in October 2019. (Def.'s Stmt. of Facts ¶¶ 2–3, ECF No. 44, 1.) The incident involving the elevator occurred on the Butlers' second day aboard the ship. (*Id.* ¶ 1.) Leading up to the incident, the

---

[1] Except where indicated, the facts are undisputed.

Butlers were in the aft elevator lobby of deck nine. (*Id.* ¶ 4.) An elevator behind the Butlers opened and a Carnival employee directed their attention to it, inviting them to use it. (*Id.* ¶¶ 5–6.) A video of the incident shows the employee momentarily blocking the open elevator door with his right hand while, at the same time, he appears to select a button from the operating panel, just inside the elevator, but out of view of the camera, with his left hand. The video also shows the employee withdrawing his hand from the door as Butler nears the elevator. In the footage, as the employee withdraws his hand, and as Butler approaches the threshold, the doors begin to close, appearing to strike Butler's right arm.

The parties' characterizations of the video's depiction of the employee's interaction with the operation panel differ. Butler says that, as he approached the elevator's threshold, the employee "apparently maintain[ed] the door hold, or one of the other selection buttons inside of the subject elevator." (Pl.'s Stmt. of Facts ¶ 28, ECF No. 48-1, 3.) In contrast, Carnival says the "footage does not show the Carnival employee maintaining the door hold specifically, and further shows the employee beginning to back up[,] no longer touching the operational panel." (Def.'s Reply Stmt. of Facts ¶ 28, ECF No. 49, 1.)

In the two years prior to Butler's incident, Carnival had received several complaints regarding elevator doors, using a similar mechanical door-closing mechanism, on Carnival's sister ship, the *Carnival Sunshine*. (Pl.'s Stmt. ¶ 37.)

## 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970), and it may not weigh conflicting evidence to resolve disputed factual issues, *see Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and

present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248 (citation omitted). "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox-Jones v. Bd. of Regents of Univ. of Ga.*, 2011 WL 5903518, at *2 (11th Cir. Nov. 22, 2011). Mere "metaphysical doubt as to the material facts" will not suffice. *Matsushita*, 475 U.S. at 586.

### 3. Analysis
### A. Count One – General Negligence

In its motion for summary judgment, Carnival frames Butler's theory of liability, as it relates to the elevator itself in count one, as turning on a showing that the "elevator was not operating properly or is otherwise mechanically deficient." (Def.'s Mot. at 5.) Building on that concept, Carnival submits that, to prevail, Butler "will need to show that these mechanical deficiencies or [the] malfunctioning operation of the elevator was the proximate cause of his injury." (*Id.*) Continuing, Carnival says that, because there is no record evidence that the elevator door struck Butler "as a result of a malfunction," Butler cannot move forward against Carnival for failing to (a) "provide reasonably safe elevators"; (b) "adequately test the proper use and function of its elevators"; (c) "prevent its elevators from malfunctioning"; and (d) "have the proper safety mechanism in place for malfunctioning elevators." (Def.'s Mot. at 5–6 (quoting Compl. ¶11(a)–(d)).)

In response, Butler insists there is a question of fact as to whether there was a mechanical failure. (Pl.'s Resp. at 3–4.) In support of his position, he says there is evidence supporting an inference that the Carnival employee was pressing the "door hold" button when the doors closed. (*Id.* at 4.) Because the doors closed while the employee was purportedly pressing the button, Butler says, a fact finder could infer a mechanical failure. (*Id.*) With respect to this narrow issue—whether there is an issue of material fact involving the malfunctioning of the "door hold" button—the Court agrees with Carnival.

Butler's reliance on his expert's report to overcome Carnival's argument is unavailing. In that report, the expert opines that, as Butler approached the elevator, the Carnival employee was "apparently maintaining the door hold, or one of the other selection buttons inside of the . . . elevator." (Pl.'s Exp. Rep. ¶8(c), ECF No. 40-3, 2–3.) Butler maintains this is "significant" because, later, the expert concludes that, "[i]f the Ship Personnel did act properly utilizing the

door hold buttons, then the failure of the subject elevator door hold buttons to properly prevent the subject elevator doors from closing contributed to the unsafe condition that caused Mr. Butler's injury." (Pl.'s Resp. at 3 (quoting Pl.'s Exp. Rep. ¶ 12).) But this amounts to pure conjecture—there is no evidence in the record that the employee ever, in fact, engaged the "door hold" button.[2]

That said, however, the Court's granting of partial summary judgment in this regard is narrowly circumscribed to Butler's theory regarding the "door hold" button. Carnival's more general argument that Butler cannot proceed to trial on whether the elevator itself was unreasonably dangerous at all is overly broad. Contrary to Carnival's insistence, Butler is not limited to relying solely on a "mechanical deficienc[y] or malfunctioning operation of the elevator" to establish that the unsafe operation of elevator was the proximate cause of his injury. Carnival's sweeping pronouncement, without citation to any legal support, that Butler's claims regarding safety, testing, and maintenance "all fail as a matter of law without factual evidence that the elevator door was mechanically deficient," is, by itself, insufficient for the Court to find Carnival has met its burden of establishing a basis for its motion in the first instance.

**B. Count Two – Failure to Warn**

Carnival does not dispute that, "under federal maritime law, an operator of a cruise ship has a duty to warn of known dangers that are not open and obvious." *Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 952 (11th Cir. 2016). Instead, Carnival argues that, because there was no actual danger associated with the elevator, it had no duty to warn and, furthermore, even if the elevator was dangerous, Carnival had no notice of that danger. (Def.'s Mot. at 8.) In response, Butler argues, among other things, that five passenger complaints from incidents on the *Sunshine*, the *Sunrise's* "sister ship," show that Carnival had constructive notice that its ships' elevator doors posed a danger to its passengers. After review, the Court finds Carnival's argument unpersuasive.

First, Carnival's bare contention that there is no record evidence showing there was a danger associated with the elevator misses the mark. Without

---

[2] Butler complains that the only reason there is no evidence in the record to support his theory regarding the malfunctioning of the elevator in conjunction with the "door hold" button is that Carnival has failed to produce the employee as a witness. The problem with Butler's argument is twofold. First, Butler has never sought an adverse inference based on the unavailability of this witness and cannot do so now, in passing, by way of a response to a motion for summary judgment. And, second, the allegation that the elevator doors closed despite the employee's pressing the "door hold" button appears nowhere in Butler's complaint.

more, the Court cannot say Carnival carried its burden of supporting its unadorned claim that there is simply no evidence that the elevator was in any way dangerous.

Secondly, viewing the evidence in the light most favorable to Butler, the Court finds an issue of material fact with respect to whether Carnival had constructive notice that the elevator posed a danger. In response to one of Butler's requests for production, Carnival identified six instances,[3] occurring between January 2017 and February 2019, in which passengers on the *Sunshine*, a sister ship, complained about elevator doors. (Def.'s Resp. to Pl.'s Req. for Prod., ECF No. 47-1, 1–2.) In four of those complaints, passengers simply describe getting a thumb, hand, or arm caught in elevator doors, without mentioning any injuries. (*Id.* ("trapped my thumb"; "caught her hand"; "hand stuck"; "caught his arm in the elevator door").) Two of the complaints, however, mention injuries: one describes "significant bruises" when the doors closed on the complainant's mother and the other describes a "bruise on her finger" when the complainant's hand got stuck in an elevator door. (*Id.* at 2.)

In objecting to Butler's reliance on those complaints, Carnival first argues that they cannot be used to show notice because they are "unverified incidents that are a result of passengers contacting Defendant after their cruise." (Def.'s Reply at 5.) Once again, Carnival supplies no case law to support its position and the Court itself will not endeavor to cobble together the motion on Carnival's behalf. *See, e.g.*, *Fed. Ins. Co. v. Cty. of Westchester*, 921 F. Supp. 1136, 1138 (S.D.N.Y. 1996) ("Under the adversary system, it is counsel's responsibility to explain why these points have legal merit; the Court does not serve as counsel's law clerk."). Nor does Carnival even argue that the referenced complaints cannot be reduced to admissible evidence at trial. *See, e.g.*, *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) (noting that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be 'reduced to admissible evidence at trial' or 'reduced to admissible form'"). Carnival's bare characterization of the complaints as "unverified" is simply not enough for the Court to decline considering them at this stage of the litigation. Similarly, Carnival's assertion that the Court should not consider the incident complaints because "there is no way to know the accuracy of the reports" also misses the mark. (Def.'s Reply at 5.) Whether the contents of the passenger's complaints are accurate would be an issue fact—properly determined by a factfinder, at trial.

---

[3] The parties both reference five complaints but the record itself shows there were six complaints.

Continuing, Carnival also complains that the incidents described in the complaints cannot establish notice because they are not substantially similar to the facts alleged in Butler's complaint. (*Id.*) In support of its argument, Carnival asserts "[t]here is no testimony about these incidents"; "it cannot be determined if other factors were involved"; and "[n]early all . . . the referenced comments . . . involved injuries to passengers' hands as they got caught in the elevator doors." (*Id.* at 5–6.) The Court is not persuaded. Each reported incident involves elevator doors closing on a passenger. That is exactly what Butler says injured his arm. Further, Carnival itself explicitly acknowledges that the complained of incidents all "involved elevator doors that have a similar door closing mechanism as the subject elevator." (Def.'s Reply Stmt. of Facts ¶ 37.) Ultimately, the Court finds Carnival's arguments are insufficient to overcome Butler's identification of competent record evidence of "conditions substantially similar to the occurrence in question that caused the prior accident." *Taiariol v. MSC Crociere, S.A.*, 0:15-CV-61131-KMM, 2016 WL 1428942, at *5 (S.D. Fla. Apr. 12, 2016) (J. Moore) (cleaned up), *aff'd,* 677 F. App'x 599 (11th Cir. 2017). The identified complaints amount to evidence showing there is a genuine issue of material fact regarding Carnival's constructive notice of the purportedly dangerous nature of the elevator doors that Butler alleges injured his arm.

Lastly, Carnival's characterization of Butler's incident as being "caused by the Plaintiff['s] walking into an elevator door" as opposed to the elevator doors' closing on him, as described by the passengers in the referenced complaints, is a distinction without difference. Further, whether Butler walked into the closing door, as Carnival's representative describes it, or the door closed on him as he walked into the elevator, as Butler describes it, would be a question of fact more appropriate for determination at trial. In sum, without more, Carnival has failed to rebut Butler's showing that there is evidence in the record showing there is a genuine issue of material fact regarding whether Carnival had notice of the dangerousness of the elevator doors.[4]

### 4. Conclusion

The Court grants Carnival's motion on the limited basis described above, regarding the purported malfunctioning of the door-hold button, but denies it all other respects. The Court thus **grants in part and denies in part** Carnival's

---

[4] Because the Court finds Carnival's motion fails regarding Carnival's constructive-notice argument, the Court declines to address Carnival's alternative argument that Butler has failed to introduce an issue of material fact regarding actual notice.

motion for partial summary judgment (**ECF No. 43**).

**Done and ordered**, in Miami, Florida, on September 10, 2021.

_____
Robert N. Scola, Jr.
United States District Judge